# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| A. V. DIAMONDS, INC. § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO |
| § | |
| SEUNG HOON "MARC" BAIK, § | |
| § | |
| GOMI KWON § | |
| § | |
| and § | |
| § | |
| M & G REALTY ONE, LLC § | |
| Defendants § | |

# COMPLAINT

Plaintiff, A. V. DIAMONDS, INC. ("AV") alleges as follows:

1.  This is a diversity case arising out of the business dealings and previous federal lawsuit between AV and Defendants, Seung Hoon "Marc" Baik ("Baik"), Gomi Kwon ("Kwon") and M & G REALTY ONE, LLC ("M&G") (collectively referred to as the "Defendants"). The legal theories of recovery are Fraudulent Transfer under the Texas Business and Commerce Code Section 24.001 et seq. and Texas Penal Code Section 32.33. For cause AV shows:

I.

JURISDICTION AND VENUE

2.  Jurisdiction is based on 28 U.S.C. §1332, diversity of citizenship with the amount in controversy in excess of $75,000.00.

3. Venue in the Southern District of Texas is proper under 28 U.S.C. § 1391.

## II.
## PLAINTIFF

4. AV is , is a corporation duly licensed and operating under the laws of this State with a principal place of business located in Houston, Harris County, Texas.

## III.
## DEFENDANTS

5. Defendant, Seung Hoon "Marc" Baik , is an individual. He may be served with process at 13835 NW 11th Street, # 1446, Pembroke Pines, FL 33028

6. Defendant, Gomi Kwon, is an individual and, upon information and believe is Baik's wife. She may be served with process at 13835 NW 11th Street, # 1446, Pembroke Pines, FL 33028.

7. Defendant, M & G Realty One, LLC, is active Florida corporation. It may be served with process by serving its registered agent, Seung H. Baik, at 13835 NW 11th Street, # 1446, Pembroke Pines, FL 33028.

## IV.
## APPLICATION OF TEXAS LAW - ERIE DOCTRINE

8. In a Federal Diversity case, the federal courts shall apply the laws of the state in which they sit. *Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct 1464, 89 L. Ed. 2079 (1945)*.

9. Texas law will be applicable to the counts addressed in this Complaint.

## V.
## FACTS

10. AV sued Baik in Case No. 4:20-cv-00495; A.V. Diamonds, Inc. v. Seung Hoon "Marc" Baik and MB Diamonds & Jewelry, Inc.; In the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"), with causes of action for breach of contract, suit on sworn account, fraud and theft by check. The Lawsuit concerned the dealings between the parties thereto from June 26, 2015 to the time of filing. At the time of this Complaint's drafting, AV has submitted a Request for Entry of Default in the Lawsuit. Upon the Entry of Default being issued, AV will file its Motion for Default Judgment.

11. From the inception of the Lawsuit, Baik indicated they were going to settle, asked for an Extension of time to file an Answer, which was granted, however, an Answer was never filed. On March 16, 2020, Baik extended AV an offer, to which AV requested he provide proof of the alleged inability to pay by requesting three years of tax returns and two years of banking records, both individual and corporate, to evidence the claimed need for a reduction of the principal amount, waiver of contractual interest and attorney's fees. The requested documents have never been provided.

12. On July 4, 20202, after providing Baik over four and one half months to provide the requested records, AV, after only receiving excuses to its repeated status inquiries, had an asset search performed on Baik and his wife, Kwon, to properly evaluate Baik's alleged financial condition.

13. The results of the asset search revealed that the Defendants are the prior owners of two real properties; 3300 NE 192nd Street, Unit 1116, Aventura, FL 33180 ("Aventura Property") and 2792 SW 127th Avenue, Miramar, FL 33027 ("Miramar Property").

14. On December 6, 2018, the Defendants conveyed their interest in the Miramar Property to Sam Kyu Baik and Chang Baik by Quit Cain Deed. These individuals are both relatives and

associates. Contemporaneously, Sam Kyu Baik and Chang Baik conveyed their interest in the Miramar property to M & G Realty One, LLC by Quit Claim Deed. Gomi Kwon and Seung Baik are the Managers of this limited liability company and Baik is the registered agent. There was no tangible exchange of value.

15. On June 28, 2019, the Defendants conveyed their interest in the Aventura Property to M & G Realty One, LLC by Quit Claim Deed. Again there was no tangible exchange of value.

## VI.

### COUNT I-TRANSFER IN FRAUD OF CREDITORS

16. The defendants transferred the property described above with intent to hinder, delay or defraud their creditors and AV from obtaining collection of its claim described above.

## VII.

### COUNT II-HINDERING A SECURED CREDITOR

17. AV further alleges liability under the Texas Penal Code § 32.33 and incorporates the statute herein by this reference. Baik's conduct rises to the level of hindrance of a secured creditor and, as such, should be found to have committed a felony of the third degree as the secured goods tendered to his possession had a value of $30,000.00 or more but less than $150,000. Baik has sold or otherwise disposed of the secured property, did not account to AV for the proceeds of the sale or other disposition as required, with intent to appropriate the proceeds or value of the secured property. Baik is presumed to have intended to appropriate the proceeds since he did not deliver the proceeds to AV or account to AV for the proceeds before the 11th day after AV made lawful demand for the proceeds or account.

## VIII.

### DAMAGES

18. As a result of the fraudulent transfer, AV has been damaged in the amount of at least $137,050.84.

## IX.

## ATTORNEY'S FEES

18. In addition to other damages, under Business and Commerce Code Section 24.013, AV is entitled to costs and reasonable attorney's fees as are equitable and just.

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, A. V. Diamonds, Inc., respectfully prays for judgment as follows:

a. Grant judgment in Plaintiff's favor against the Defendants, jointly and severally, in the amount of $137,050.80, with prejudgment interest as provided by law; and,

b. A declaration that the transfer from Defendants, Baik and Kwon, of the Aventura property to the Defendant, M&G, is void with respect to the plaintiff.

c. A decree setting aside and canceling the transfer and the quit claim deed executed by the Defendants, Baik and Kwon, to Sam Kyu Baik and Chang Baik and their contemporaneous transfer by Quit Claim Deed to Defendant, M&G, as fraudulent.

d. Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for prejudgment interest at the statutory rate of six (6%) percent per annum on said sum, commencing on the date of filing hereof until the date of judgment as permitted by Texas Finance Code §302.002; and

e. Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for attorney's fees in the amount of at least $10,000.00 as permitted by statute; and,

f. Grant judgment in Plaintiffs' favor against Defendant, Baik, for those additional penalties permitted by the Texas Penal Code § 32.33 ; and

g. In the alternative, award punitive damages; and,

h. Grant judgment in Plaintiffs' favor against the Defendants, jointly and severally, for post-judgment interest on all the above sums at the highest rate allowed by law; and

i. Grant such other and further relief, both at law and in equity, that the Court deems just

and proper.

        Respectfully submitted,

        <u>/Robert J. Mackay/</u>
        Robert J. Mackay
        TXBN 12761400
        FAN 13727
        P.O. Box 7031
        Pasadena, Texas  77508-7031
        (832) 598-2318 Tel.
        rjm@mackaylawfirm.com

        ATTORNEY FOR PLAINTIFF
        A.V. DIAMONDS, INC.